{¶ 20} I concur in judgment only with the majority but write separately. The majority cites the correct law but the Law Enforcement Automated Data System is not the issue. The issue is the Bureau of Motor Vehicles ("BMV") Report for license suspensions. We must control the dissemination of information at the source, specifically, the juvenile court level. The way in which courts disseminate electronic data which may be confidential to the system, under law, i.e., a conviction for drugs is placed into the digital, electronic mainstream by the court reporting the offense to the *Page 8 
BMV. Once it leaves the court's jurisdiction, i.e., "notification of suspension" through the BMV, it becomes a public record. Once the information joins the information highway, it is subject to few, if any, controls as to who may use and see it. In many instances, it transforms unintentionally from a confidential record to a very public record.
 {¶ 21} It is the juvenile court's responsibility to control the input. This obviously needs to be dealt with legislatively as to the unintentional consequences of our new information age. The law is clear. The court clearly has the authority under R.C. 2925.11(E)(2) to suspend the juvenile license and this requires a notification to the BMV.
 {¶ 22} I reluctantly concur with the majority. The remedy here is not a prohibition against the trial court from suspending the license of the juvenile. The remedy is to assert a claim against the state for disseminating confidential information of which is not the subject of this appeal.